# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DIANA WEBB**<br>**on behalf of herself and all others**<br>**similarly situated,** ) ) ) ) | |
| Plaintiff, ) ) | CASE NO. _____ |
| vs. ) ) | |
| **WALMART, INC.** ) ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Diana Webb, Plaintiff in the above-styled action, on behalf of herself individually and all others similarly-situated, files her Complaint against Walmart, Inc. ("Walmart"), Defendant in the above-styled action, and, in support thereof, shows as follows:

### PARTIES

1. Diana Webb is a Caucasian female above the age of nineteen (19) and is a resident of Madison County in the State of Alabama.

2. Walmart, Inc. is a foreign corporation, doing business by physical presence and registered agent in the State of Alabama, within the Northern District of Alabama.

## JURISDICTION AND VENUE

3. Federal jurisdiction exists as this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, the Civil Rights Act of 1991, 42 U.S.C. § 1983a.

4. This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4).

5. All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

## CONDITIONS PRECEDENT

6. Plaintiff has exhausted all administrative remedies, as mandated by 29 U.S.C. § 626(d)(1), by filing a Charge of Discrimination with the Equal Employment Opportunity Commission on or around October 5, 2021, alleging discrimination by Defendants (the "Charge.") A copy of the Charge is attached hereto as Exhibit A and its terms incorporated by reference as if fully set out herein.

7. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter, dated October 25, 2021 (the "RTS Letter.") A copy of the RTS Letter is attached hereto as Exhibit B and its terms incorporated by reference as if fully set out herein.

8. Plaintiff has satisfied all conditions precedent to the filing of the instant Complaint.

## FACTS

9. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 8 as if fully set out herein.

10. Walmart employs both male and female delivery drivers to drive its trucks to deliver goods to its retail outlet locations (the "Drivers.")

11. Historically and presently, there are more male than female Drivers for Walmart.

12. Drivers are required to wear uniforms consisting of pants and a shirt while working on their jobs as a condition of employment. A Driver not wearing the mandated uniform is subject to immediate termination.

13. Defendant Walmart provides an entire uniform, including pants, as part of the uniform requirement. Drivers are required to don these uniforms prior to arrival at the job site.

14. Defendant Walmart also provides a dry-cleaning / laundry service for the uniform and pants that it provides to the Drivers.

15. However, Defendant Walmart only provides men's pants for both male and female Drivers.

16. The men's pants provided by Walmart to its Drivers, regardless of gender, are uncomfortable and poorly-fitting for the female Drivers. For female Drivers, it is impossible to wear the men's pants provided by Walmart specifically made to fit only male employees due to anatomical differences between the sexes.

17. Female drivers are therefore required to either suffer discomfort, or purchase and launder their own pants, out of their own pocket, with no option for reimbursement, in order to fulfill Walmart's employment requirements.

18. If female Drivers chooses to purchase their own pants, then the pants they purchase are required to be denim jeans, khaki slacks or shorts of some description.

19. Further, Walmart will not launder any pants worn by female Drivers that were not provided by Walmart, and the females, not the males, must incur the expense of laundering their own uniform pants.

20. Walmart's nation-wide practice is to provide pants that only fit their male Drivers, while requiring only female employees like the Plaintiff employed by Walmart and other females similarly situated, wherever, located, to purchase and launder their own uniform pants.

21. This is blatant sex discrimination by Walmart against its female Drivers.

## Named Plaintiff Allegations

22. Diana Webb was hired by Walmart as delivery driver on July 20th, 2020, and remains employed as a Driver for Defendant, Walmart.

23. As a requirement of her continued employment, Plaintiff Webb is required to wear the Driver uniform provided to her by Walmart.

24. For Plaintiff, and other female drivers, it is impossible to wear the men's pants provided by Walmart specifically made to fit only male employees.

25. Plaintiff purchased her own pants conforming to Walmart's uniform requirements at her own expense. An economic expense her male colleagues have not suffered.

26. Plaintiff has laundered and continues to launder her own pants conforming to Walmart's uniform requirements at her own expense. An economic expense her male colleagues have not suffered and do not presently suffer.

27. Prior to filing her Charge or filing the instant Complaint, Plaintiff Webb complained to her supervisors and to the human resources department on several occasions. No remedial action was taken.

28. Plaintiff specifically complained that providing uniform pants only to men was a form of sex discrimination. Again, nothing was done.

29. Furthermore, Plaintiff requested that she be reimbursed for the not-insignificant out-of-pocket expenses she had been forced to incur, purchasing multiple pairs of female pants and shorts to wear for work.

30. This request was denied by her supervisors and Plaintiff was told that if she was reimbursed, Walmart would have to reimburse *all* female drivers and that they declined to do so.

31. Plaintiff Webb continues to suffer from this blatant discrimination against female Drivers.

32. Plaintiff Webb has raised multiple complaints within Walmart regarding this blatantly discriminatory practice, but Walmart continues to only provide men's pants that fit male Drivers while requiring female Drivers nationwide to purchase and clean their own pants.

33. Plaintiff Webb brings this action on behalf of herself and all other similarly-situated female employees, nationwide who have suffered and continue to suffer from the above-described discriminatory behavior.

CLASS ALLEGATIONS

34. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 33 as if fully set out herein.

35. This case is brought as a class action under RULE 23 of the FEDERAL RULES OF CIVIL PROCEDURE.

36. The Class is defined as follows:

> All females who were employed by Walmart, Inc. from July 20, 2020 to the present, who were required to wear male uniform pants or shorts as a condition of employment or, alternatively, purchase their own.

37. Upon information and belief, there are at least one hundred (100) persons in the putative Class.

38. Although the Named Plaintiff does not presently know the names of all putative Class Members, their identities and addresses can be readily ascertained from the Defendant.

39. The claims of the Named Plaintiff are typical of the claims of the Class inasmuch as the Named Plaintiff is a member of the Class described herein. Both the Named Plaintiff and the putative Class were subject to a common scheme and course of conduct by the Defendants as described herein.

40. The Named Plaintiff has no interests adverse to the interests of other Class Members.

41. The Named Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in prosecution of class actions and complex litigation.

42. This action is also appropriate as a class action pursuant to RULE 23(b)(1) and/or 23(b)(2) as the Named Plaintiff seeks equitable relief and corresponding other relief for the entire Class. Hence, the prosecution of separate

actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendants and their required adherence to applicable law. Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair and impede their ability to protect their interests.

43. This action is also appropriate as a class action pursuant to RULE 23(b)(3) as certain monetary damages are sought from this Defendant.

44. There are numerous and substantial questions of law and fact common to all putative Class Members which control this litigation and which predominate over any individual issues. Included within the common questions are:

    a) Whether Defendant discriminated against Plaintiff and the putative Class as defined above by treating them differently from the male Drivers in violation of TITLE VII of the CIVIL RIGHTS ACT OF 1964;

    b) Whether Defendant discriminate against Plaintiff and the putative Class as defined above by forcing them to wear men's clothing or provide their own;

    c) Whether Defendant's discrimination against Plaintiff and the putative Class as defined above by forcing them to wear men's clothing or provide their own resulted in an economic loss;

    d) Whether Plaintiff and the putative Class as defined above are entitled to specific performance, injunctive relief, or other

            equitable relief against Defendant as a result of the discrimination by Defendant;

    e)    Whether Plaintiff and the putative Class as defined above are entitled to an award of damages against the Defendant as a result of the aforementioned discrimination;

    f)    Whether Plaintiff and the putative Class as defined above are entitled to equitable relief against Defendant in the form of an injunction;

    g)    Whether Plaintiff and the putative Class as defined above are entitled to an award of attorney fees against Defendant pursuant to a Common Fund theory, Lodestar, or the fee-shifting provisions of TITLE VII of the CIVIL RIGHTS ACT OF 1964; and

    h)    Whether Plaintiff and the putative Class as defined above have sustained damages and the proper measure of damages.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and to ensure equitable relief to the putative Class. Absent a class action, the Named Plaintiff and the Class Members may not receive equitable relief compared to their fellow Class members to compensate them for their harm suffered.

46. Most individual putative Class Members have little ability to prosecute an individual action, due to the complexity of the issues involved in this litigation, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, damages suffered by individual putative Class Members.

47. This action will result in an orderly and expeditious administration of Class claims. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be insured.

48. This action presents no difficulty that would impede its management by the Court as a class action and a class action is superior to other available methods for the air and efficient adjudication of the claims and division of the limited insurance funds available.

## CAUSES OF ACTION

### Count I

### Sexual Discrimination under Title VII

49. Plaintiff realleges and incorporates by reference, paragraphs 1 through 48 as if fully stated herein.

50. Plaintiff, and the putative Class as defined above, has been discriminated against by Defendant, Walmart, because of the perceived stereotypes regarding the female gender and subjected to both a subjectively and objectively hostile work environment, and to less-favorable working conditions as a result.

51. The above-discussed sex discrimination violated TITLE VII of the CIVIL RIGHTS ACT (1964), as amended.

52. Plaintiff, and the putative Class as defined above, has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental

anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of Defendant's violation of TITLE VII of the CIVIL RIGHTS ACT OF 1964, as amended.

53. Plaintiff, and the putative Class as defined above, has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of TITLE VII of the CIVIL RIGHTS ACT OF 1964, as amended.

### Count II

### Unjust Enrichment

54. Plaintiff realleges and incorporates by reference, paragraphs 1 through 48 as if fully stated herein.

55. By failing to pay for female Drivers uniform pants or the laundering of same, and by failing to reimburse its female Drivers for the cost of the pants or the cost to launder/clean same, Walmart has retained monies that would have otherwise have gone to Plaintiff and the putative Class as defined above, or would have been expended for their benefit.

56. Hence, Walmart retains monies which, in equity and good conscience, should be disgorged to Plaintiff and the putative Class as defined above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and the putative Class as defined above, prays that this Court:

    a. Certify the aforementioned Class pursuant to Fed.R.Civ.P. 23(b)(1), (b)(2) and/or (b)(3);

b. Declare the conduct engaged in by Defendant Walmart to be in violation of the Plaintiff rights;

c. Enter an order enjoining Defendant Walmart from engaging in such conduct in the future;

d. Enter an order of injunction directing Defendant Walmart to perform an equitable accounting over all monies unjustly retained, create a constructive trust consisting of the monies retained, and disgorge the *res* of said trust to Plaintiff and the putative Class as defined above via resulting restitution *cy pres* if necessary;

e. Award Plaintiff, and the Class as defined above, compensatory and punitive damages, in an amount to be determined by this Court;

f. Award Plaintiff, and the Class as defined above, costs, interest, and attorneys' fees; and

g. Grant such further and other, different and relief, including equitable, as this Court deems just and proper.

Dated this, the 11th day of January, 2022.

> */s/ Teri R. Mastando*
> Teri Ryder Mastando (ASB-4507-E53T)
> Eric J. Artrip (ASB-9673-I68E)
> MASTANDO & ARTRIP, LLC
> 301 Washington St., Suite 302
> Huntsville, Alabama 35801
> Phone:   (256) 532-2222
> Fax:       (256) 513-7489
> teri@mastandoartrip.com
> artrip@mastandoartrip.com
>
> *Attorneys for Plaintiff, Diana Webb and the Putative Class as defined above*

**DEFENDANT TO BE SERVED AT THE FOLLOWING ADDRESS:**

Walmart, Inc.
(c/o CT Corporation System, Registered Agent)
2 North Jackson Street, Suite 605,
Montgomery, AL 36104.